Argued February 18; affirmed March 22, 1932

## BOTTOM v. PORTLAND ELECTRIC POWER COMPANY

(9 P. (2d) 129)

*Cassius R. Peck,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for appellant.

*William P. Lord,* of Portland (Lord & Moulton, of Portland, on the brief), for respondent.

CAMPBELL, J. Plaintiff alleges that she received personal injuries through the negligence of defendant. As she was getting on the bus operated by defendant, the driver negligently started the bus in motion with a jerk as she was in the act of stepping from one

step to another, causing her left leg to come in violent contact with the step, severely injuring the leg on the shin.

Defendant denies that plaintiff was injured, or that the operation of its bus in question at the time was negligent in any manner. For a separate answer alleges that if plaintiff received any injury, at the time claimed, it was caused by her own negligence.

The cause was tried to a jury which returned a verdict in favor of plaintiff, on which judgment was entered.

Defendant appeals.

There is but one assignment of error: The refusal of the trial court to admit in evidence a certain report made by two doctors who made a physical examination of plaintiff about two weeks after the injury was sustained.

It appears that Dr. Calvin S. White, representing the defendant, and Dr. T. T. Fellows, representing the plaintiff, made the examination. Plaintiff admits that Dr. Fellows represented her; her testimony on that point being as follows:

"Q. At that examination did Dr. Fellows represent you and Dr. White represent the company?

"A. Yes.

"Q. Did they examine you at that time for the purpose of making a report upon your injuries?

"A. Yes.

"Q. And Dr. Fellows in making that report was your representative and agent and Dr. White was the representative and agent of the company?

"A. Yes."

The plaintiff did not positively identify the signatures of the doctors to the report but there can be

little doubt but that the report was genuine and was sufficiently identified. Dr. White died prior to the trial.

The report reads as follows:

"December 11, 1929.

"Portland Electric Power Co.
"Electric Building.
"Portland, Oregon.

"Attention, Claim Department:

"Report on examination of Mrs. Frankie Bottom, made with Dr. Fellows in his office, December 11, 1929. History: age 47. Married, no children. Denies any previous illness, accident or operation. Climacterics 3 years ago.

"Present injury.

"November 27th, 1929. Getting on a bus at 74th Av., the bus jerked and she was thrown against the second step, tearing her stocking and abrading her left shin. She came on to town and went to a drug store and got iodine and a bandage and applied it herself; and covered with a bandage. November 30th consulted Dr. Fellows who found an abrasion the size of a twenty-five cent piece on the anterior surface of her leg red and inflamed.

"Present Complaint: 'Sore left leg and left hip and side.'

"Examination: A very large and very fat woman. Her upper teeth are nearly all missing and the remaining ones badly necrosed. Her lower molars are all gone. On her upper body there are no evidences of injury. Both legs are oedmatous and swollen. On the left leg is a scabbed abrasion the size of a quarter and the whole anterior surface is blistered from iodine. She has bunions on both feet, and her toes are distorted. All her joints are freely movable. Her pulse is 76. Blood pressure 168-90. Urine examination, no albumin but considerable sugar. Her heart is irregular

but no murmur can be detected. She has a very large pendulous abdomen but no pathology can be seen or felt.

"Summarizing: The injury was transitory and in a short time will entirely disappear. No permanent disability will result. Her present difficulty is as much due to the injudicious bandaging of the applied iodine. As to the abrasion and contusion of the skin.

"(Sgd) Calvin S. White.<br>"T. T. Fellows, M. D."

It is contended by defendant that the report is admissible for the purpose of impeaching the plaintiff as a witness and also that it is admissible for all purposes.

"In conformity with preceding provisions, evidence may be given on the trial, of the following facts:

"After proof of * * * agency, the declaration or act of * * * an agent of the party, within the scope of the * * * agency, and during its existence: * * *." Oregon Code 1930, § 9-226, subsec. 5.

It will be observed that the Oregon statutes point out how a witness may be impeached by the party against whom he was called: (1) by contradictory evidence; (2) by showing that his moral character is such as to render him unworthy of belief; (3) by showing that his general reputation for truth is bad; (4) that he has been convicted of a crime (Oregon Code 1930, § 9-1911); (5) that he has made at other times statements inconsistent with his present testimony and if such statements are in writing, they shall be shown to him before any question is put to him concerning it (Oregon Code 1930, § 9-1912).

The plaintiff could not be impeached by this report under section 9-1912, supra. That section does

not say that a witness may be impeached by showing that his agent, at other times, made statements inconsistent with witness's present testimony. If the doctors' report was ''contradictory evidence,'' or the statement of an agent by which plaintiff would be bound, it could not be introduced on cross-examination of plaintiff, over objection, but. would be admissible only, if competent at all, as part of defendant's case. If as a part of defendant's case it should be offered, the defendant would be making the signers of the report its own witnesses to that extent. If any part of the report should .be admitted, then the whole must be let in: Oregon Code 1930, § 9-210.

■ An examination of this report shows that much of it is not relevant to any of the matters to be determined in this cause. The ordinary person would naturally conclude, after seeing the report, that much of it was hearsay, that is, information which the doctors got from the plaintiff concerning the case. Just what part of it was a repetition of what the plaintiff told them and what part their opinion derived from the examination, there is no way to determine. We are of the opinion that the report was not admissible, under the facts as they existed in this case, for any purpose.

Finding no error, the judgment will be affirmed, and it is so ordered.

BEAN, C. J., BROWN and BELT, JJ., concur.